# United States Court of Appeals for the Fifth Circuit

_____

No. 23-50708
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2024

Lyle W. Cayce
Clerk

James E. Russell,

> *Plaintiff—Appellant*,

*versus*

Austin Community College, *(ACCelerator Staff)*,

> *Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-788

_____

Before Clement, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

James E. Russell filed a pro se civil complaint in the district court, alleging that staff members at Austin Community College (ACC) violated Texas Penal Code § 37.08 by filing a false police report against him, and that they violated his constitutional right to free speech. He also suggested in

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

conclusory terms that he was a target of harassment and racial profiling. The district court dismissed the complaint for lack of subject matter jurisdiction.

On appeal, Russell contends for the first time that the ACC staff violated his constitutional right to privacy, Texas Penal Code § 42.06, and the Privacy Act of 1974. *See* 5 U.S.C. § 552a. This court, however, will not consider new theories of relief presented for the first time on appeal. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

As to the claims he did raise, we review "de novo a district court's order dismissing a case for lack of subject-matter jurisdiction." *Khalil v. Hazuda*, 833 F.3d 463, 466 (5th Cir. 2016). Russell failed to allege facts that would support either diversity of citizenship jurisdiction or federal question jurisdiction under 28 U.S.C. §§ 1331, 1332. Further, his brief on appeal does not meaningfully address the district court's jurisdictional analysis.

Accordingly, the judgment of the district court is AFFIRMED.